383 So.2d 678 (1980)
DEPARTMENT OF REVENUE of the State of Florida, Appellant,
v.
Harry SKOP and Frederica M. Skop, His Wife, D/B/a Metro News, Appellees.
No. 78-2663/T4-328.
District Court of Appeal of Florida, Fifth District.
April 16, 1980.
Rehearing Denied May 19, 1980.
*679 Jim Smith, Atty. Gen., and E. Wilson Crump, II, Asst. Atty. Gen., Tallahassee, for appellant.
O.H. Eaton, Jr., of Massey, Alper, Wack & Eaton, Altamonte Springs, for appellees.
ORFINGER, Judge.
We are asked to decide here if a weekly publication known as "Metro News" is exempt from sales tax under Section 212.08(6), Florida Statutes (1977). This section exempts "newspapers" from the provisions of the sales tax statute, without defining the term. We must decide if the publication known as "Metro News" is a newspaper as contemplated by the statutory exemption.
The Department of Revenue, which is charged with the responsibility of administering the sales tax, has adopted regulations governing exemptions, and those regulations provide us with the administrative definition of the term "newspaper".[1]
The parties stipulated to the facts of the case and those stipulated facts make it appear that the publication in question substantially met all the administrative criteria except two: (1) Subsection 3(d) in that it was not entered or qualified to be admitted and entered as second class mail matter at a post office in the county where published, and (2) Subsection (4) in that except for 250 copies which were mailed to subscribers, the balance of approximately 25,000 issues per week were distributed free of charge and not sold. Numerous copies of the publication selected at random were submitted to the trial judge for his review, along with copies of publications conceded to be "shoppers". The trial court, based upon the stipulated facts and the exhibits in evidence, found the publication to be a "newspaper" and held it to be exempt from sales tax. The final judgment did not rule on the validity of the administrative regulations and specifically the two sections with which this publication did not comply, but since the publication obviously did not comply with these sections, implicit in the trial judge's holding is a finding that these sections are invalid.
The contemporaneous administrative construction of a statute by those charged with its enforcement and interpretation is entitled to great weight, and courts generally will not depart from such construction unless it is clearly erroneous or unauthorized. Gay v. Canada Dry Bottling Co. of Florida, Inc., 59 So.2d 788 (Fla. 1952). In adopting the administrative regulations, the Department of Revenue has determined that to qualify for exemption as a "newspaper", the publication must be entered or be qualified *680 to be entered as second class mailing matter in the United States Post Office, and must be sold rather than given away. Conversely, publications which do not have the second class mail permit or do not qualify for one and which are given away for advertising and public relations purposes are taxable under the regulations. We must therefore determine if the administrative construction of the statute is clearly erroneous or unauthorized, because if not, then this publication clearly does not qualify for the exemption and is taxable.
In Gasson v. Gay, 49 So.2d 525 (Fla. 1950), our Supreme Court was asked to decide if magazines sold on a newsstand, such as Life, Time, Newsweek, U.S. News, and other similar periodicals, could be construed to be "newspapers" under the statute, so as to be exempt from sales tax. At that time, the two sections of the Administrative Code in issue here had not been adopted, although the remainder of the applicable regulation was in effect. The Court said:
The provision in [the statute] exempting "newspapers" from the operation of said chapter, had reference to the natural, plain and ordinary significance of the word newspaper  the understanding of the word newspaper in general and common usage  and did not refer to or comprehend magazines or periodicals. [Citations omitted.] Words of common usage, when used in a statute, should be construed in their plain and ordinary signification and not in a technical sense .. .
... The said rule does not purport to contain all elements necessary to constitute a newspaper nor to embrace a complete, full and comprehensive definition of a newspaper. It simply provides specified minimum requirements and states, in effect, that in order for a publication to constitute a newspaper the publication must embrace "at least" the stated elements.
The exemption was again considered by the Supreme Court in Green v. Home News Publishing Co., Inc., 90 So.2d 295 (Fla. 1956). The Supreme Court noted that the publication known as the "Shopper Advertiser" was distributed free to the public by the publisher, had a third-class mailing privilege and was not authorized to carry legal advertising, that while it contained some news, household hints, recipes, advice to parents and other similar material, the large majority of the publication was devoted to advertising.
While it is true that the "Shopper Advertiser" complies with the minimum requirement for a newspaper established by the comptroller in his Rules and Regulations under the Sales Tax Act, as contended by the publisher, this fact is not controlling on the question of whether a publication is, in fact, a "newspaper" within the meaning of the Act. See Gasson v. Gay, supra, 49 So.2d 525. The `Shopper Advertiser' unquestionably has for its principal purpose the advertising of business concerns in the area and not the dissemination of news. It is, in practical effect, simply an advertising `giveaway' even though a modicum of local news and other material found in newspapers is included.
A review of the publications submitted in evidence here make it difficult to find any distinction between the "Metro News" sub judice and the "Shopper Advertiser" in Green. Of the samples reviewed by this court, approximately 85% of the publication was devoted to advertising. Of the remaining approximately 15%, some of it was devoted to local news and some to recipes, horoscopes and the like. We must therefore hold, as did the Supreme Court in Green, that the Metro News unquestionably has for its principal purpose the advertising of business concerns in the area and not the dissemination of news. Although perhaps not called a "shopper", it is in practical effect simply an advertising giveaway.
While doubtful language in taxing statutes should be resolved in favor of the taxpayer, the reverse is true in the construction of exceptions and exemptions from taxation. U.S. Gypsum Co. v. Green, 110 So.2d 409 (Fla. 1959). Tax exemptions must be strictly construed against the taxpayer. Wanda Marine Corp. v. State of *681 Florida, Department of Revenue, 305 So.2d 65 (Fla. 1st DCA 1975). It is also settled law in this state that a construction placed on a statute by a state administrative officer is a persuasive force and influential with the courts when not in conflict with the Constitution or the plain intent of the statute. Volunteer State Life Insurance Company v. Larson, 147 Fla. 118, 2 So.2d 386; Green v. Home News Publishing Co., Inc., supra. In this light, we cannot find the two administrative regulations in question here to be unreasonable. Numerous statutory provisions require a publication to be sold and to have a second class mailing permit in order to qualify for certain privileges. For example, Section 50.011, Florida Statutes, (1977) provides that legal publications can be placed in a "newspaper printed and published periodically once a week or oftener ... entered or qualified to be admitted or entered as second-class matter at a post office in the county where published, for sale to the public generally, available to the public generally ..." Sec. 165.031, Florida Statutes, (1977) defines "newspaper of general circulation" as those publications "... which are readily available for purchase by all inhabitants in the area of circulation, but does not include ... a newspaper that is given away primarily to distribute advertising." The excerpt of the postal service manual stipulated into evidence below, clearly shows that a publication which is given away and not sold does not qualify for second-class mailing privileges, neither can it qualify if more than 75% of its copy is devoted to advertising in more than one half of its issues during any twelve-month period. In the light of this generally accepted statutory recognition and because of the Supreme Court's recognition of these criteria in Green as worthy of consideration, we cannot say that the administrative regulations in question here are either burdensome or unreasonable. That being so, the judgment of the trial court below was in error and is reversed with directions to enter judgment for appellant.
REVERSED.
DAUKSCH, C.J., and CROSS, J., concur.
NOTES
[1] Fla. Admin. Code Rule 12A-1.08:

(3) In order to constitute a newspaper, the publication must contain at least the following elements:
(a) It must be published at stated, short intervals (usually daily or weekly).
(b) It must not, when successive issues are put together, constitute a book.
(c) It must be intended for circulation among the general public.
(d) It must have been entered or qualified to be admitted and entered as second class mail matter at a post office in the county where established.
(e) It must contain matters of general interest and reports of current events. If the publication is devoted primarily to matters of specialized interests such as legal, mercantile, political, religious or sporting matters, and it contains in addition thereto general news of the day, information of current events and news of importance and of current interest to the general public, it is entitled to be classed as a newspaper.
(4) To qualify for exemption as a newspaper, a publication must be sold, and not given to the reader free of charge. So-called newspapers which are given away for advertising and public relations purposes are taxable.