GREENFIELD TOWN CRIER, INC. *vs.* COMMISSIONER
OF REVENUE.

Suffolk.   December 11, 1981. — April 2, 1982.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Taxation,* Sales and use tax, Exemption, Newspaper.   *Words,* Newspaper.

A conclusion by the Appellate Tax Board that a publication is a "news-
     paper" within the meaning of G. L. c. 64H, § 6 (*m*), is a conclusion of
     law and thus subject to review by this court.   [693-694]
Where a newspaper was composed by a taxpayer in Massachusetts and
     copies were printed by a separate corporation in Vermont, payment
     by the taxpayer of printing, artwork, and distribution charges was a
     sale of newspapers, as distinct from a sale merely of the component
     parts thereof, and the transaction was thus exempt from the Massachu-
     setts use tax under G. L. c. 64I, § 7 (*b*), by virtue of G. L. c. 64H,
     § 6 (*m*).   [694-696]
A publication distributed free of charge at stated, periodic intervals, con-
     taining material of interest to a significant segment of the public, was
     a "newspaper" within the meaning of G. L. c. 64H, § 6 (*m*), and thus
     exempt from use tax under G. L. c. 64I, § 7 (*b*), irrespective of the
     ratio of advertising to other material it regularly contained.   [696]

APPEAL from a decision of the Appellate Tax Board.

*Betty E. Waxman,* Assistant Attorney General, for Com-
missioner of Revenue.

*James C. Donnelly, Jr.,* for the taxpayer.

O'CONNOR, J.   The defendant, Commissioner of Revenue
(Commissioner), assessed use taxes totaling $10,688.04 plus
interest and penalties against the plaintiff, Greenfield Town
Crier, Inc. (Greenfield), for the period from October, 1969,
through September, 1975.   Greenfield applied to the De-
partment of Corporations and Taxation[1] for an abatement

---

[1] As part of the changes effectuated by St. 1978, c. 514, §§ 278-286, the
powers and duties of the Commissioner of Corporations and Taxation and the
State Tax Commissioner were transferred to the Commissioner of Revenue.

of these taxes and simultaneously filed use tax returns for the applicable period. The applications were denied, and Greenfield appealed to the Appellate Tax Board (board). The board granted an abatement of the entire tax plus interest and penalties. The Commissioner appeals. There was no error.

The board found[2] that since 1969 Greenfield has been engaged in the publication and distribution of a paper called the Greenfield Town Crier (Town Crier). The Town Crier is published on a weekly basis, year round, and consists of a mixture of news, features, columns, public service announcements and commercial, personal, classified and legal advertising matter. An average weekly issue consists of twenty-four pages of standard tabloid size.

Approximately twelve percent of each issue is devoted to news or columns written by Greenfield's staff and one percent is devoted to public service announcements. The balance is devoted to advertising, including legal announcements. The Town Crier is distributed to readers free of charge and has a circulation of approximately 20,000 in Franklin County. It is printed in Vermont by Shaw Press, Inc., of Brattleboro, a corporation affiliated with Greenfield.[3] Half of the papers are mailed directly by Shaw Press, Inc., to readers' homes and the other papers are delivered to Greenfield for residential delivery. On the basis of these findings, which neither party challenges, the board found "[i]nsofar as it is a question of fact," the Town Crier is a "newspaper" within the meaning of G. L. c. 64H, § 6 (*m*). The conclusion that the Town Crier is a newspaper is a conclusion of law and is, therefore, subject to our review.

General Laws c. 64H, § 2, imposes an excise upon sales at retail of tangible personal property in the Commonwealth. Sales of newspapers are exempt, G. L. c. 64H, § 6 (*m*), as

---

[2] We recite only the material facts.

[3] The parties and the board have treated the transactions between Greenfield and Shaw Press, Inc., as arm's-length transactions. We do the same.

are "[s]ales of materials . . . which become an ingredient or component part of tangible personal property to be sold exclusively or which are consumed and used directly and exclusively . . . in an industrial plant in the actual manufacture of tangible personal property to be sold, including the publishing of a newspaper . . . ." G. L. c. 64H, § 6 (*r*), as amended through St. 1977, c. 620, § 1.

General Laws c. 64I, § 2, imposes an excise on the storage, use, or other consumption in the Commonwealth of tangible personal property purchased from any vendor for storage, use, or consumption within the Commonwealth. Sales upon which taxes have been collected under c. 64H are made exempt from use tax by c. 64I, § 7 (*a*), and sales exempt from the taxes imposed by c. 64H are made exempt from use tax by c. 64I, § 7 (*b*).

The use taxes that were assessed were for what the Commissioner treated as purchases by Greenfield from Shaw Press, Inc., of printing, art work, negatives, "P.T.M. shots," bagging, and addressing fees. The Commissioner presents two arguments. The first, relying upon *Jefferson Publishing Corp.* v. *Forst*, 217 Va. 988 (1977), is that the purchases from Shaw Press, Inc., were not purchases of newspapers because prior to distribution the Town Crier was not a newspaper but was only a composite of the aforementioned materials. It follows, the Commissioner contends, that to escape the use tax, Greenfield can only rely on c. 64H, § 6 (*r*), which exempts sales of materials consumed in the publication of a newspaper, and that such reliance is misplaced because c. 64H, § 6 (*r*), provides such an exemption only if the newspaper is ultimately sold, which the Town Crier was not. The Commissioner's second argument is that, even if the use tax were assessed as a result of the purchase of the Town Crier as a publication, rather than on its component parts, the Town Crier was not a newspaper within the meaning of c. 64H, § 6 (*m*), and, therefore, was not entitled to exemption from use tax.

The reliance on *Jefferson Publishing Corp.* v. *Forst, supra,* for the conclusion that Greenfield purchased component

parts from Shaw Press, Inc., is misplaced. In *Jefferson* a sales tax was levied on the cost of the printing charged by the printer to the taxpayer, who distributed the printed material to colleges and advertisers that passed it along to consumers. The taxpayer relied on Virginia Code § 58-441.6 (k) (1974) which exempts "[a]ny publication issued daily, or regularly at average intervals . . . ." In denying the taxpayer's request for tax relief, the Virginia court followed "the rule of strict statutory construction in all cases involving Code § 58-441.6. 'Taxation is the rule and not the exception; statutory tax exemptions are construed strictly against the taxpayer . . . .'" *Id.* at 991, quoting from *Winchester T.V. Cable Co.* v. *State Tax Comm'r*, 216 Va. 286, 290 (1975). The court held that in the context of § 58-441.6 (k), "'publication' is used as a noun and means a newspaper, magazine or other periodical which is available for general distribution to the public . . ." and that "[t]he first transaction [between the printer and the taxpayer-publisher] is not the sale of a *publication* because, at the time of the transfer, the periodical has not been published; it has not been made available to the general public" (emphasis in original). *Id.* at 992.

We have previously said with respect to c. 64H, § 6 (*r*) and (*s*), that those provisions are not "the type of exemption concerning which a special burden rests upon a taxpayer, claiming the benefit of the provision, to bring himself within its scope. . . . The subsections are merely part of the statutory definition of the types of sales and uses of tangible personal property which are to be employed in measuring the excises and of those which are not so to be used." *Wakefield Ready-Mixed Concrete Co.* v. *State Tax Comm'n*, 356 Mass. 8, 12 (1969). In *Courier Citizen Co.* v. *Commissioner of Corps. & Taxation*, 358 Mass. 563, 569 (1971), we repeated that language and said "there is no requirement that this type of exemption be interpreted narrowly."

This reasoning applies as well to c. 64H, § 6 (*m*). Furthermore, the fact that a newspaper is not a "publication" until it is published does not support the conclusion that a

paper, which is a "newspaper" upon publication is anything less than a "newspaper" before publication. We focus on the "buyer's basic purpose," *Houghton Mifflin Co.* v. *State Tax Comm'n,* 373 Mass. 772, 774 (1977), in order to determine whether within the meaning of c. 64H, § 6 (*m*), a given transaction is exempt from sales and use taxation. See *Commissioner of Revenue* v. *McGraw-Hill, Inc.,* 383 Mass. 397, 402 (1981). Greenfield's basic purpose was plainly to obtain the completed paper from Shaw Press, Inc., not components. We hold, therefore, that if the Town Crier was a newspaper when it was distributed to its readers, it was also a newspaper when it was purchased by Greenfield from Shaw Press, Inc., and the use was exempt under c. 64I, § 7 (*b*).

The Town Crier was a newspaper within the meaning of c. 64H, § 6 (*m*), when it was distributed to its readers and, therefore, when it was purchased by Greenfield. The court said in *Sears, Roebuck & Co.* v. *State Tax Comm'n,* 370 Mass. 127, 131 (1976), "A tax on the advertising revenue of newspapers could have a devastating effect on First Amendment freedoms." A tax imposed at one or more steps of the production process could have similar effect. The Town Crier contains a large amount of advertising, but whether it is a newspaper cannot depend upon the ratio of advertising to other matters. The Town Crier is distributed at stated, periodic intervals and contains matters of interest to a significant segment of the public. Therefore, it is a "newspaper" within the meaning of c. 64H, § 6 (*m*), and is exempt from use tax under c. 64I, § 7 (*b*). See *Hadwen, Inc.* v. *Department of Taxes,* 139 Vt. 37 (1980), appeal denied, 451 U.S. 977 (1981).

*Decision of the Appellate
Tax Board affirmed.*