436 So.2d 954 (1983)
NORTH AMERICAN PUBLICATIONS, INC., and Neighbor Newspaper, Petitioner, Appellant,
v.
DEPARTMENT OF REVENUE and Office of the Comptroller, State of Florida, Respondents, Appellees.
Nos. AP-37, AQ-182.
District Court of Appeal of Florida, First District.
July 15, 1983.
Rehearing Denied August 22, 1983.
C. Timothy Corcoran, III and Robert W. Courtney of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for petitioner, appellant.
*955 Thomas L. Barnhart, Asst. Atty. Gen., Tallahassee, for respondents, appellees.
JOANOS, Judge.
These consolidated appeals involve two administrative orders, one a final order of the Division of Administrative Hearings determining that Rule 12A-1.08, Fla. Admin. Code, is valid, and the other a final order of the Office of the Comptroller denying a tax refund. Appellant raises the following issues:
(I) Whether Rule 12A-1.08, Fla. Admin. Code is an invalid exercise of delegated legislative authority or an erroneous interpretation of Section 212.08(6), Fla. Stat., and the denial of appellant's refund was erroneous as based on an invalid rule?
(II) Whether the discriminatory denial of a sales tax exemption violates appellant's rights of equal protection and freedom of the press under the United States and Florida Constitutions?
Appellant publishes the "Neighbor," a publication which is distributed free of charge in the metropolitan area of Tampa. Appellant sought an exemption from the sales tax imposed on items used in the production and distribution of the "Neighbor," specifically paper, ink, and plastic bags. The exemption was denied because the "Neighbor" did not meet the criteria to be classified as a newspaper under Rule 12A-1.08, Fla. Admin. Code, which implements Section 212.08(6). Specifically, appellant did not meet the criteria set forth in Rule 12A-1.08(3)(d) and (4).[1] Appellant therefore sought to have Rule 12A-1.08 declared invalid in a proceeding pursuant to Section 120.56, Florida Statutes. In a separate proceeding pursuant to Section 120.57(1), Florida Statutes, appellant sought a refund of the tax, which was paid under protest. The outcome of those hearings was that the rule was determined to be a valid exercise of delegated legislative authority, and the refund was denied.
As to the first issue, we are not persuaded that the instant case is distinguishable from two previous cases which have reviewed the question of the validity of Rule 12A-1.08, in particular, subparagraphs (3)(d) and (4) of that rule, and determined that the administrative construction of Section 212.08(6) found in Rule 12A-1.08 is not clearly erroneous or unauthorized. See Boca Raton Publishing Co. v. Department of Revenue, 413 So.2d 106 (Fla. 1st DCA 1982), and Department of Revenue v. Skop, 383 So.2d 678 (Fla. 5th DCA 1980). Therefore we affirm on issue I upon the authority of those cases.
Regarding issue II, we disagree with appellant's assertion in the statement of the issue that the denial of the tax exemption to appellant was discriminatory. Appellant relies heavily on the recent decision by the United States Supreme Court in Minneapolis Star and Tribune Co. v. Minnesota Commissioner of Revenue, ___ U.S. ___, 103 S.Ct. 1365, 75 L.Ed.2d 295 (1983) contending that the situation determined in that case to violate the First Amendment, particularly insofar as the tax involved was found to single out a small group of newspapers, is indistinguishable from the present case. In *956 the present case, in contrast to Minneapolis Star, appellant is subject to a sales tax which is widely applicable to businesses of all kinds as part of the general scheme of sales and use taxes prescribed in Chapter 212, Florida Statutes. In no way does the tax imposed in the present case resemble a penalty directed only at a few publications. The nondiscriminatory denial of a tax exemption does not infringe upon First Amendment activities, see Cammarano v. United States, 358 U.S. 498, 79 S.Ct. 524, 3 L.Ed.2d 462 (1959); Big Mama Rag, Inc. v. United States, 631 F.2d 1030 (D.C. Cir.1980).
AFFIRMED.
SMITH, LARRY G. and NIMMONS, JJ., concur.
NOTES
[1] In order to constitute a newspaper, the publication must contain at least the following elements:
(a) It must be published at stated short intervals (usually daily or weekly).
(b) It must not, when successive issues are put together, constitute a book.
(c) It must be intended for circulation among the general public.
(d) It must have been entered or qualified to be admitted and entered as second class mail matter at a post office in the county where published.
(e) It must contain matters of general interest and reports of current events. If the publication is devoted primarily to matter of specialized interests such as legal, mercantile, political, religious or sporting matters, and it contains in addition thereto general news of the day, information of current events and news of importance and of current interest to the general public, it is entitled to be classed as a newspaper.
(4) To qualify for exemption as a newspaper, a publication must be sold and not given to the reader free of charge. So-called-newspapers which are given away for advertising and public relations purposes are taxable.