## The ENTERPRISE, INC.

### v.

**William F. BOLGER, Postmaster General, Janet D. Steiger, Chairman, Postal Rate Commission, Postal Rate Commission, and The United States Postal Service.**

#### No. CIV–4–83–108.

United States District Court,
E.D. Tennessee,
Winchester Division.

March 21, 1984.

Buddy D. Perry, Winchester, Tenn., for plaintiff.

William Sonnenburg, Chattanooga, Tenn., for defendants.

## MEMORANDUM AND ORDER

HULL, District Judge.

This is an action for damages and injunctive relief challenging the constitutionality of certain postal regulations and mail classification standards. The defendants have moved to dismiss or for summary judgment.

Plaintiff, The Enterprise, Inc., is a corporation which publishes a weekly newspaper, *The Enterprise*, and distributes it by mail to 16,129 homes and businesses in Franklin County, Tennessee, and in portions of surrounding counties. Unlike most newspapers, plaintiff's is distributed free of charge to its subscribers.

Plaintiff would like the advantages of expedited "newspaper treatment" and the second-class mailing permit available to

non-free news publications but has been advised by the local postmaster that under Sections 422.21 and 422.23 of the *Domestic Mail Manual,* it is not eligible for a second-class permit. Because it must mail its paper third-class, plaintiff claims it must spend approximately $60,000.00 a year in extra postal costs and also must endure the disadvantage of having to quarter-fold its paper to meet third-class size requirements. Quarter-folding is not only cumbersome but allegedly costs plaintiff an additional $200.00 per week.

■ Plaintiff does not contend that the local postmaster has misinterpreted the regulations or that these regulations have been misapplied in plaintiff's case. Plaintiff contends that the regulations themselves are unconstitutional. For this reason, the fact that plaintiff has not formally applied for the permit, been rejected, and exhausted whatever administrative remedy may be available, does not appear to warrant dismissal. A direct challenge to the constitutionality of a federal regulation is properly brought in federal court.

The challenged regulations from the *Domestic Mail Manual* read as follows:
"422.221  List of Subscribers. General publications must have a legitimate list of subscribers who have paid or promised to pay, at a rate above a nominal rate, for copies to be received during a stated time..."
"422.223  Free or Nominal Rate Circulation. Publications primarily designed for free circulation and/or circulation at nominal rates may not qualify for the general publications category. Publications are considered primarily designed for free circulation and/or circulation at nominal rates when one-half or more of all copies circulated are provided free of charge to the ultimate recipients, or are paid for at nominal rates by the ultimate recipients, or when other evidence indicates that the intent of the publisher is to circulate the publication free and/or at nominal rates. The distribution of all copies of a publication is considered, whether circulated in the mails or otherwise."

■ Plaintiff contends that these regulations violate the Equal Protection Clause of the Fifth Amendment to the United States Constitution by making an arbitrary and capricious distinction between free and non-free newspapers and conferring a benefit only on those newspapers whose subscribers pay for them. Plaintiff also contends that the regulations put an unjustifiable condition on the use of the mails for the distribution of information which amounts to a censorship of the press and a burden on First Amendment rights.

The defendants do not contend that plaintiff's publication is not a newspaper but merely stand behind their regulations as time-honored and reasonable. No reasons for the distinction between paid and non-paid newspapers are offered, however. It appears that this paid-subscriber requirement for general second-class publications has never been challenged in the courts. Perhaps this is because it is unusual to find a newspaper (rather than an advertising circular or "shopper") which is distributed free of charge.

Plaintiff calls the Court's attention to the case of *Greenberg v. Bolger,* 497 F.Supp. 756 (D.N.Y.1980), in which five minor political parties challenged the fact that preferential third-class mailing was available to the major political parties, but not to "new" parties whose last presidential candidate received less than five percent of total popular vote. Not surprisingly, the regulation was struck down on both First Amendment and Equal Protection grounds. However, the *Greenberg* case turned on the fact that the regulation was not "content neutral." In the instant case, there is no suggestion that second-class mailing privileges are being denied plaintiff because of the contents of *The Enterprise.* However, the regulations might well work to stifle the dissemination, through the mails, of different points of view and opinions. The private publication of newspapers espousing divergent political views is a highly prized First Amendment freedom which should not be burdened by arbitrary postal regulations. In addition, the challenged regulations do appear to create two arbi-

trary classifications of newspapers and accord them unequal treatment. The defendants suggest absolutely nothing to indicate that the distinction between paid and unpaid subscriptions is reasonably related to a legitimate governmental objective.

Because the defendants have moved for summary judgment, it can be assumed that there are no factual issues in dispute which would justify a trial in this case. Accordingly, this Court hereby finds that Sections 422.21 and 422.23 of the *Domestic Mail Manual* violate the Equal Protection Clause of the Fifth Amendment and the First Amendment's right to free speech to the extent that they accord second-class mailing privileges only to newspapers whose subscribers pay to receive them. Judgment will enter on behalf of the plaintiff on its constitutional challenge. The defendants are hereby ORDERED to permit plaintiff to mail *The Enterprise* with expedited "newspaper treatment" and with a second-class mailing permit as soon as an application for this permit is made.

The parties are urged to file a stipulation of plaintiff's damages. If damages cannot be stipulated, each party may file affidavits and any evidence on the issue of damages this Court should consider before closing this case. A final ruling on plaintiff's damages will issue in thirty (30) days from the date of this order.