THOMPSON, Judge.
The Department of Revenue (the Department) appeals from a trial court order which found that Rule 12A-1.08(3)(d) and (4), Fla.Admin. Code, is an invalid exercise of delegated legislative authority. Based on this court’s recent holding in North American Publications, Inc. v. Department of Revenue, 436 So.2d 954 (Fla. 1st DCA 1983), rev. denied, 449 So.2d 265 (Fla.1984), that Rule 12A-1.08(3)(d) and (4) is a valid exercise of delegated legislative authority, we reverse.
While we feel bound to follow North American, we feel that the instant publication, The Independent Florida Alligator (The Alligator) is factually distinguishable from the publication in North American *31 (The Neighbor), such that a different result may be required herein. The Neighbor had an advertising copy of approximately 75 percent whereas The Alligator, during the period relevant herein, had an advertising content of between 53 percent to 55 percent. In other cases holding that a particular publication is taxable and in which the opinions contain sufficient facts to determine the nature of the publication involved, a large majority of the publications was devoted to advertising. In Department of Revenue v. Shop, 383 So.2d 678 (Fla. 1st DCA 1980), approximately 85 percent of the Metro News was devoted to advertising. In Green v. Home News Publishing Co., Inc., 90 So.2d 295 (Fla.1956), the “large majority” of the Shopper Advertiser was devoted to advertising. Additionally, unlike The Neighbor, the Metro News, and the Shopper Advertiser, The Alligator has traditional newspaper features such as national and international news, weather, sports, editorial opinions, comics, and classified ads. Florida Administrative Code Rule 12A-1.08(4) indicates that “[s]o-called newspapers which are given away for advertising and public relations purposes are taxable.” The Alligator is clearly not a “shopper” but is a “newspaper” within the common sense of the word and is not given away for advertising and public relations purposes. Under these circumstances, it may not be proper to deny The Alligator a § 212.08(6), Fla.Stat., tax exemption merely because it is primarily given to the reader free of charge. Accordingly, we certify the following question to the Florida Supreme Court as one of great public importance under Rule 9.030(a)(2)(A)(v), Fla.R. App.P.:
Is Rule 12A-1.08, Fla.Admin.Code, which requires taxation of all publications which are not sold but are given away, unconstitutional as applied to The Alligator and similarly situated school publications?
NIMMONS and BARFIELD, JJ., concur.