STEVENSON, Judge.
Allied Marine Group, Inc. (“Allied”), a yacht retailer, appeals a final order of the Department of Revenue finding Allied liable for a “use tax” on one of its inventoried yachts (“the Tiara”), which Allied entered into a fishing tournament. We reverse.
The applicable statute defines a taxable “use” as:
the exercise of any right or power over tangible property incident to the ownership thereof, or interest therein, except that it does not include the sale at retail of that property in the regular course of business.
§ 212.02(20), Fla. Stat. (Supp.l996)(emphasis added).
The hearing officer made extensive factual findings concerning the manner in which expensive yachts are sold in the regular course of business. The hearing officer found that “the selling of a yacht is a process that involves many contacts with a customer before the customer actually makes a purchase,” and that fishing tournaments and boat shows were “selling events” for Allied. The hearing officer further found that
*631 Allied often enters fishing tournaments to demonstrate the capabilities and amenities of its yachts to prospective customers for the ultimate purpose of selling the yacht entered and increasing overall sales.... The salespersons participate in the fishing portion of the tournament in order to get access to the tournament functions where they can meet prospective purchasers at the captains’ meetings, at the fish weigh-ins and other gatherings before and after each days fishing, and at the awards ceremony at the end of the tournament.... The main reason Allied enters its yachts in fishing tournaments is to sell the yachts entered in the tournaments and to promote Allied ás a dealer in vessels made for fishing.
In addition to accepting these factual findings, the Department of Revenue adopted the hearing officer’s conclusion of law that the legal issue was whether Allied’s entry of the Tiara into the fishing to.urnament was intended to aid solely in the resale of the Tiara or whether the activity was also for the purpose of selling other yachts and generally promoting Allied’s business. Thus, the Department of Revenue adopted the hearing officer’s implicit legal conclusion that the use of a vessel in a fishing tournament to promote only its own sale would constitute an untaxed “sale at retail of that property in the regular course of business,” but that the same use of the vessel would subject the retailer to a use tax if the retailer had as an additional purpose the promotion of sales in general.
The hearing officer derived this rule of law from a recent case in which the First District, in dicta, endorsed a reading of the use tax statute which would tax the promotional use of a vessel in a fishing tournament unless the use was meant to' promote only the vessel being used:
We also approve the agency’s interpretation of the statutory definition of “use” with respect to demonstration and promotional activities, i.e., that such activities related solely to resale of the vessel do not constitute a taxable “use,” but when such activities are also related to the sale of other vessels or to general promotion of the dealer’s business or another business, they constitute a taxable “use” of the vessel.
HMY New Yacht Sales, Inc. v. Department of Revenue, 676 So.2d 1385,1389-90 (Fla. 1st DCA1996).
Although the Department of Revenue, as the entity charged with administering Chapter 212,[1] is entitled to have its reading of the use tax statute afforded “great weight,” see PW Ventures, Inc. v. Nichols, 533 So.2d 281, 283 (Fla.1988), taxing statutes are to be “strictly construed” against the taxing authority, see Department of Revenue v. Anderson, 403 So.2d 397, 399 (Fla.1981). In examining Chapter 212, we can find no statutory support for the Department of Revenue’s position that an untaxed single-purpose business activity becomes subject to the use tax simply because the taxpayer acts with a second business-related motivation. Accordingly, Allied’s entry of the Tiara in a fishing tournament, which the hearing officer found to be an essential, regularly-conducted “selling event” intended to promote the sale of the Tiara, is not transformed into a taxable use merely because Allied had the additional objective of generahy promoting its business. Significantly, the hearing officer did not find that Allied did anything that it would not have done had it entered the vessel in the tournament solely for the promotion of the sale of the Tiara itself.
Accordingly, the final order of the Department of Revenue imposing a use tax on Allied’s entry' of the Tiara in the fishing tournament at issue is REVERSED.
PARIENTE, J., and MARRA, KENNETH A., Associate Judge, concur.

. The supreme court has explained that “[t]he Department of Revenue is delegated the power to enforce chapter 212....” See Campus Communications v. Department of Revenue, 473 So.2d 1290, 1293 (Fla.1985); see also § 212.17(5), (6), Fla. Slat. (1995) (granting the Department of Revenue the power to promulgate rules and regulations implementing Chapter 212).