STRINGER, Judge.
Appellant, Philippine Cultural Foundation, Inc., challenges a final order of the Department of Revenue (“the Department”) denying its request for a consumer’s certificate of exemption from sales tax. Because the Department’s interpretation of section 212.08(7)(n), Florida Statutes (1997), is clearly erroneous, we reverse.
Appellant is a Florida nonprofit organization incorporated pursuant to chapter 617, Florida Statutes, and holds a current exemption from federal corporate income tax. Appellant’s articles of incorporation provide that its purpose is:
[Ejxclusively to teach Philippine culture, music, dance, arts, customs, traditions, or language; to provide scholarships to deserving students; or to operate exclusively as an educational, religious or *126 charitable organization under the meaning of Section 501(c)(3) of the Internal Revenue Code of 1954, as amended.
Appellant submitted an application for a consumer’s certificate of exemption from sales tax to the Department seeking to be classified as a “youth organization” under the provisions of section 212.08(7)(n).[1] In support of its application, appellant provided evidence of various classes and field trips it had conducted for minors during the fiscal year. However, the vast majority of appellant’s expenditures during the year were for the purchase of land and the construction of the Philippine Cultural Center and Library.
The Department issued a notice of intent to deny appellant’s application after concluding that appellant’s documentation failed to show that its primary purpose was to provide activities that contribute to the development of good character or good sportsmanship, or to the educational or cultural development of minors. § 212.08(7)(n), Fla. Stat. (1997). A hearing before an administrative law judge (“ALJ”) was conducted. The ALJ noted that neither the statute nor Department rule defined the term “primary purpose,” but the ALJ adopted the Department’s recommendation that the term be defined by Florida Administrative Code Rule 12A-1.001(3)(g)(3)(e) (governing the limited classifications of services for which a charitable institution may obtain a sales tax exemption), which states:
‘Sole or primary function’ means that a charitable institution, excluding hospitals, must establish and support its function as providing or raising funds for services as outlined in subparagraphs 1. and 2. above, by expending in excess of 50.0 percent of the charitable institution’s operational expenditures towards “qualified charitable services” ... within the charitable institution’s most recent fiscal year.
The ALJ concluded that appellant failed to show that fifty percent of its operational expenditures were made on activities for minors. The ALJ found that appellant spent substantial sums, not for the provision of activities for minors, but instead for the purchase of real property and improvements. Thus, the ALJ concluded that appellant failed to demonstrate that its primary purpose was to provide activities for minors.
Appellant filed its exceptions to the recommended order, and the Department issued a final order which adopted the ALJ’s recommended order in its entirety and denied appellant’s exceptions. The Department concluded that the construction of the Philippine Cultural Center and Library defeats appellant’s claim that its primary purpose is to provide activities for minors because “constructing a building is not the providing of activities for youth unless the youth themselves are constructing the building. Any future use of the building to be constructed is irrelevant to the present determination of what activities, if any, the [appellant] is currently providing to minors.” The “administrative construction of a statute by the agency or body charged with its administration is entitled to great weight and will not be overturned unless clearly erroneous.” Fort Pierce Utils. Auth. v. Fla. Pub. Serv. Comm’n, 388 So.2d 1031, 1035 (Fla.1980). In this case, the Department concedes that neither the statute nor its own rules define the term “primary purpose.” However, *127 the Department argues that the definition of “sole or primary function” found in rule 12A-1.001(3)(g)(3)(e) controls this issue. We disagree and believe the plain and ordinary meaning of the term controls because the interpretation the Department would have us adopt conflicts with the intent of the statute. Campus Communications, Inc. v. Dep’t of Revenue, 473 So.2d 1290, 1295 (Fla.1985) (holding that plain meaning of term controls where administrative definition would thwart the intent of the statute).
The term “primary purpose” has a clear meaning. From a plain reading of the statute, the legislature’s intent in enacting section 212.08(7)(n) is to provide a sales tax exemption for organizations whose primary purpose is to provide activities that develop good character or sportsmanship or that contribute to the educational or cultural development of minors. Appellant asserts that its primary purpose is to provide activities for minors in accordance with the statute. The Department’s only basis for concluding that appellant’s primary purpose was not to provide activities for minors was the fact appellant failed to show that fifty percent of its expenditures went directly toward providing current activities for minors. The Department does not challenge that appellant began construction of the Philippine Cultural Center and Library for the purpose of having a location to provide activities for minors but instead argues that the construction of the building could not be for the purpose of providing activities for minors unless the minors were actually participating in the construction.
Contrary to the Department’s position, we believe the purchase of land and a building to be used for providing a location to conduct classes or programs for minors is consistent with appellant’s primary purpose of providing activities for minors. The record shows that appellant conducted numerous activities with minors during the year, and no one disputes that appellant purchased the land and building for the purpose of providing a place to hold classes for minors in the future.
In this case, the Department’s proposed interpretation of section 212.08(7)(n) has produced an outcome inconsistent with the legislative intent of the statute. There is nothing in section 212.08(7)(n) which suggests the statute would exclude from exemption an organization that spent a majority of its funds on the purchase of land or a building for the purpose of having a location to conduct classes and other activities for minors. Thus, we hold that the Department’s interpretation of the statute impermissibly limits its application. See Campus Communications, Inc., 473 So.2d 1290.
Accordingly, we reverse the final order denying appellant’s application for exemption and remand this action for further proceedings.
Reversed and remanded for further proceedings.
PARKER, A.C.J., and GREEN, J., concur.

. Section 212.08(7)(n), Florida Statutes (1997), in pertinent part, states:
There shall be exempt from the tax imposed by this chapter nonprofit organizations ... the primary purpose of which is providing activities that contribute to the development of good character or good sportsmanship, or to the educational or cultural development, of minors.