SCHEB, Acting Chief Judge.
Appellant John T. Weeks challenges the trial court’s orders holding him in contempt for his failure to make previously ordered child support payments. Weeks argues that the orders are facially insufficient and that the court’s adjudication of civil contempt lacked evidentiary support. We agree.
Weeks has four children; each from a different mother. Weeks was required under four separate court orders to pay child support to each mother. When he failed to abide by the orders, actions were brought to hold him in contempt for his wilful failure to pay child support. After the eviden-tiary hearing, the court adjudicated him in contempt in all four cases and sentenced him to five months and twenty-nine days in jail in each case, unless he paid the purge amounts set out in the court’s order. The four terms were to run consecutively.
In Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985), the supreme court held that in a civil proceeding if “contempt is found, the trial judge must separately find that the con-temnor has the present ability to pay the purge amount before incarceration can be imposed to obtain compliance with the court order.” Id. at 1280.
Here, none of the orders complied with Bowen because the trial judge did not make the specific findings that Weeks had the present ability to pay the purge amounts. Additionally, as Weeks points out, the adjudication of contempt lacked evidentiary support. For example, the record discloses that Weeks’ only asset was a mortgaged house where he resided. Yet, the record does not reveal the value of the house, the extent of his equity, or the status of mortgage payments. The record also shows that Weeks was unemployed because of an automobile accident but does not reveal whether he had received any remuneration from the accident. Accordingly, we hold that neither the trial court’s orders nor the supporting evidence is sufficient for a finding of contempt under Bowen.
In view of our decision, it is unnecessary that we reach Weeks’ contention that the trial court erred by sentencing him to four separate, consecutive terms of five months and twenty-nine days without a jury trial. In passing, we note that it is essential to have a jury trial when a person may be sentenced to a jail term of six months or more. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Aaron v. State, 284 So.2d 673 (Fla. 1973). Here, however, Weeks was sen *1061 tenced to less than six months on each of four separate orders. Each order recited his failure to meet an independent support obligation to a separate dependent. Under these circumstances, Weeks failed to demonstrate that a court could not, without a jury trial, impose separate adjudications of contempt for each separate violation.
We vacate the orders of contempt and remand with directions that the trial court conduct a new evidentiary hearing consistent with the principles announced in Bowen.
RYDER and CAMPBELL, JJ., concur.