PER CURIAM.
Gary Rosen appeals an order granting Hedy Rosen’s emergency motion for contempt for failure to comply with the trial court’s order awarding Hedy Rosen temporary support and maintenance. We reverse because the order fails to make the specific findings required by Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). Although there was sufficient competent evidence to support the trial court’s conclusion that Gary Rosen willfully disobeyed the prior order awarding temporary alimony, the trial court’s order of contempt is facially defective. First, it does not satisfy the requirement in Bowen that, in order to incarcerate the civil contemnor, the trial court “must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order.” Id. at 1279. Second, Hedy Rosen concedes that the order fails to adequately inform Gary Rosen of the exact dollar amount necessary to purge his contempt.
Accordingly, we reverse that portion of the order directing that Gary Rosen be incarcerated if he fails to pay Hedy Rosen. We remand to the trial court for further proceedings. See Campbell v. Campbell, 571 So.2d 555 (Fla. 4th DCA 1990).
REVERSED AND REMANDED.
HERSEY, C.J., and GUNTHER and WARNER, JJ., concur.