773 So.2d 1218 (2000)
Karen WALDEN, Appellant,
v.
Professor Abel ADEKOLA and The District Board of Trustees of Miami-Dade Community College, Appellees.
No. 3D00-13.
District Court of Appeal of Florida, Third District.
December 13, 2000.
Roderick D. Vereen, Miami, for appellant.
Hinshaw & Culbertson and Karen A. Brimmer, Miami, and Paula J. Phillips, Coral Gables; Kneski & Kneski and Peter Kneski, Miami, for appellees.
Before COPE, GERSTEN and GODERICH, JJ.
COPE, J.
Karen Walden appeals an order dismissing her lawsuit for failure to obey discovery orders. We conclude that for procedural reasons, we must remand the case to the trial court for further consideration.
Plaintiff-appellant Walden correctly points out that the dismissal order does not contain a finding that she willfully failed to obey the discovery orders. The Florida Supreme Court has said:
Except where mandated by statute or rule, we are loath to require trial judges to make specific findings of fact in support of their rulings. We have done so, however, in the case of orders which find spouses in contempt for willful nonpayment of alimony, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), and the sanction of dismissal or default could be viewed as substantially comparable. By insisting upon a finding of willfulness, there will be the added assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence. Further, there are some cases in which the record, standing alone, is susceptible to more than one interpretation and a judge's finding of willfulness can serve to assist the appellate court in reaching its conclusion. See Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla.1986) (record did not resolve the dispute of whether deposition which plaintiff failed to attend had been canceled). We hasten to add that no "magic words" are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.
Commonwealth Federal Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990).
Defendants-appellees Miami-Dade Community College and Professor Abel O. Adekola reply that the plaintiff never complained to the trial judge about the absence of a finding of willfulness. Defendants contend that since this argument was not made in the trial court, it is not properly preserved for appellate review.
We conclude that the absence of an explicit finding of willfulness is an issue which can be raised for the first time on appeal. We reach that conclusion because *1219 in Commonwealth Federal, the Florida Supreme Court found dismissal of an action for failure to comply with discovery orders to be analogous to the situation in which a spouse is found to be in contempt for willful nonpayment of alimony. In the contempt context, the courts have routinely insisted that the required findings appear on the face of the order, see Howell v. Howell, 700 So.2d 467 (Fla. 1st DCA 1997); Rosen v. Rosen, 579 So.2d 846 (Fla. 4th DCA 1991); Pradas v. Pradas, 561 So.2d 6 (Fla. 3d DCA 1990); Weeks v. Weeks, 490 So.2d 1059 (Fla. 2d DCA 1986), regardless of whether the issue was raised in the trial court.
Since the order now before us does not contain the required finding of willfulness, and since we have concluded that this issue can be raised for the first time on appeal, we must reverse the order for this reason and remand the matter for further proceedings in the trial court.
Plaintiff also argues that it is not clear whether the court intended the dismissal to operate as an adjudication on the merits, since the order indicates that the dismissal is without prejudice. However, as plaintiff points out, the statute of limitations has expired so that the dismissal is, as a practical matter, with prejudice. Plaintiff may raise that issue in the trial court on remand.
We emphasize that we are reversing for procedural reasons only, and do not intimate any view on whether the case should, or should not, be dismissed as a sanction.
The order under review is reversed and the cause remanded for further proceedings consistent herewith.