804 So.2d 559 (2002)
Nora Siria MARTINEZ, Appellant,
v.
COLLIER COUNTY PUBLIC SCHOOLS, Appellee.
No. 1D01-0103.
District Court of Appeal of Florida, First District.
January 18, 2002.
*560 Richard E. Zaldivar, of the law offices of Richard E. Zaldivar, P.A., Miami and Jay M. Levy of Jay M. Levy, P.A., Miami, for Appellant.
Jeffrey D. Kottkamp, of Henderson, Franklin, Starnes & Holt, Ft. Myers, for Appellee.
BROWNING, J.
Appellant appeals the Judge of Compensation Claim's (JCC) order which dismissed her complaint without prejudice because counsel failed personally to appear at a pretrial conference. Appellant argues the JCC abused his discretion by dismissing the complaint because counsel showed good cause for missing the conference and, in any event, it was counsel's first transgression and it was of a type that does not warrant the JCC's harsh action. Appellant further argues the dismissal without prejudice acts as a dismissal with prejudice because the statute of limitations would bar the claim upon refiling. Appellee argues that, because the dismissal was without prejudice, Appellant improperly appealed a non-final order. We agree with Appellant and reverse.
Dismissal without prejudice is final if its effect is to bring an end to judicial labor. See Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993); see also Walden v. Adekola, 773 So.2d 1218, 1219 (Fla. 3d DCA 2000) (holding that where the statute of limitations has run, a dismissal without prejudice operates as a dismissal with prejudice). It is uncontested that Appellant's claim would be time-barred if refiled; thus, the order is final.
The evidence shows that counsel's failure to appear was for "good cause." Counsel appeared by telephone, and his failure to appear personally was due to a misunderstanding resulting from his secretary's being unexpectedly out of the office for cancer treatment. This was his first offense in this case. This explanation constitutes "good cause," as counsel's action resulted from inadvertence or mistake, rather than from a willful disregard of the JCC's authority. See Carlton, 621 So.2d at 454, citing Hernandez v. Page, 580 So.2d 793 (Fla. 3d DCA 1991). Notably, the JCC's order does not contain the required finding that counsel's failure to appear resulted from a willful disregard of the JCC's authority. See Leonardo v. *561 Grimming, 740 So.2d 580, 581 (Fla. 4th DCA 1999) (reversing order of dismissal without prejudice because it did not contain an express finding of willful or deliberate refusal to obey a court order).
Furthermore, the JCC's dismissal without prejudice was too severe a sanction to impose upon Appellant, even if "good cause" did not exist. See Catogas v. Sapp, 397 So.2d 1182, 1183 (Fla. 3d DCA 1981) (holding that where record lacks evidence of willful or flagrant disregard for court's authority, dismissing complaint without prejudice for failure of counsel to appear is too severe a sanction to impose upon a litigant); see also Garland v. Dixie Ins. Co., 495 So.2d 785 (Fla. 4th DCA 1986) (holding dismissal of complaint without prejudice for failure of counsel to appear at pretrial conference was too severe a sanction where record did not show willful or intentional disregard of trial court's order); Anthony v. Schmitt, 557 So.2d 656, 662 (Fla. 2d DCA 1990) (holding that where order did not contain findings of willful disobedience by trial counsel, dismissal of complaint without prejudice for failure of plaintiffs attorney to attend status conference, was too severe a sanction to impose upon plaintiff); Dave's Aluminum Siding, Inc. v. C & M Ventures, 582 So.2d 147 (Fla. 3d DCA 1991) (holding dismissal of complaint without prejudice for counsel's failure to appear at case management conference was too severe a sanction where record lacked evidence that failure to appear was willful or flagrant disregard for court's authority). The JCC abused his discretion by dismissing Appellant's complaint without prejudice and is hereby REVERSED.
PADOVANO and LEWIS, JJ., CONCUR.