877 So.2d 822 (2004)
Roxana DELGADO, Appellant,
v.
J. BYRONS, INC., a Florida corporation, Appellee.
No. 4D03-3766.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*823 Mark K. Koenig of the Law Offices of Mark K. Koenig, West Palm Beach, for appellant.
Steven M. Pincus of C. Brooks Ricca, Jr. & Associates, P.A., West Palm Beach, for appellee.
PER CURIAM.
Roxana Delgado sued J. Byrons, Inc. for negligence in 1997. Following a contentious period of discovery, J. Byrons filed a Renewed Motion to Strike Plaintiff's Pleadings and For Sanctions based on discovery violations. The trial court granted the motion. J. Byrons then sought both attorney's fees based on a proposal for settlement and entry of final judgment. The trial court awarded attorney's fees and entered a final judgment. Delgado appeals both the order granting the motion to strike and dismissing the cause and the final judgment granting attorney's fees. We dismiss the appeal as to the issues raised regarding the motion to strike, and affirm as to the award of attorney's fees.
Delgado raises three issues on appeal. In the first issue, Delgado asserts that the trial court erred by granting J. Byrons's motion to strike. The order granting the motion to strike was entered on February 13, 2003, and stated: "ORDERED and ADJUDGED that said Motion is hereby GRANTED; Plaintiff's pleadings are stricken and cause dismissed w/o prejudice." The notice of appeal was not filed until after the September 9, 2003 final judgment awarding attorney's fees. J. Byrons maintains that Delgado cannot seek review of this order because she did not timely appeal.
"Although the phrase `without prejudice' ordinarily indicates that an order is not final, there is one circumstance in which [a] dismissal without prejudice is final. If the effect of the order is to dismiss the case ... the language `without prejudice' would not affect the finality of the order." Philip J. Padovano, Florida Appellate Practice § 21.2 (2d ed.1997); see also Silvers v. Wal-Mart Stores, Inc., 763 So.2d 1086, 1086-1087 (Fla. 4th DCA 1999)(case against one defendant was dismissed "without prejudice to plaintiff's refiling a separate suit," and such an order is a final, appealable order); Martinez v. Collier County Pub. Sch., 804 So.2d 559, 560 (Fla. 1st DCA 2002)("Dismissal without prejudice is final if its effect is to bring an end to judicial labor.").
In the case at bar, the dismissal of Delgado's cause ended the judicial labor as to her case and required her to file a new action to re-initiate proceedings. However, Delgado would have been unable to do so because the four-year statute of limitations for negligence had run. See § 95.11(3)(a), Fla. Stat. As such, it is apparent that the words "without prejudice" did not prevent the February 13 order from being a final, appealable order. See Walden v. Adekola, 773 So.2d 1218, 1219 (Fla. 3d DCA 2000) ("However, as plaintiff points out, the statute of limitations has expired so that the dismissal is, as a practical matter, with prejudice."). Because Delgado did not appeal the February 13 order within thirty days, this court is without jurisdiction. See Fla. R.App. P. *824 9.110(b). Consequently, this appeal is dismissed as to Delgado's first issue on appeal.
Additionally, the appeal is dismissed as to Delgado's second issue regarding the alleged use of a proposed order by the trial court, as the issue addresses the preparation of court orders involving discovery violations and sanctions, the subject matter of the February 13 order that was not timely appealed.
We affirm on Delgado's third issue addressing the trial court's grant of attorney's fees to J. Byrons based on a proposal for settlement without further discussion.
DISMISSED IN PART; AFFIRMED IN PART.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.