886 So.2d 1040 (2004)
Shauna CROES, Appellant,
v.
UNIVERSITY COMMUNITY HOSPITAL and Sentry Insurance Company, Appellees.
No. 1D04-3116.
District Court of Appeal of Florida, First District.
November 15, 2004.
Mark L. Zientz and Andrea Cox of the Law Offices of Mark L. Zientz, P.A., Miami, for appellant.
Steven Hovsepian and Katherine Stone of Barbas, Koenig, Nunez, Sanders & Butler, Tampa, for appellees.
PER CURIAM.
Shauna Croes seeks review of an order of the Judge of Compensation Claims dismissing her pending petitions for benefits without prejudice. She initially invoked this court's jurisdiction by filing a timely petition for writ of certiorari, but on the authority of Martinez v. Collier County Public Schools, 804 So.2d 559 (Fla. 1st DCA 2002), this proceeding was converted to an appeal of a final order. Having reconsidered that action in light of the matters alleged in appellees' motion to dismiss *1041 the appeal, we now conclude that the JCC's order is nonfinal and nonappealable.
In Martinez, we addressed an order that dismissed a claim without prejudice, but it was uncontested that the claim would be time-barred if refiled. In that situation, we held that the JCC's order was final and appealable. Here, however, the parties do not agree that a refiled petition would be barred by the statute of limitations, and as appellees point out in their motion to dismiss, Croes has in fact refiled her claim. By operation of rule 60Q-6.105(2), Florida Administrative Code,[1] the refiled petition is docketed under the existing case number in which the order being appealed herein was rendered, and given the pendency of the refiled petition and the fact the viability of any statute of limitations defense remains to be determined in further proceedings before the JCC, it is apparent that the order at issue here does not mark an end to judicial labor in this matter.
On the basis of the foregoing, we conclude that the JCC's order in this case is nonfinal and nonappealable.[2] We further conclude that because appellant will have an adequate remedy by appeal of any adverse final order of the JCC, the exercise of our certiorari jurisdiction is unwarranted.
APPEAL DISMISSED.
BOOTH, BARFIELD and ALLEN, JJ., concur.
NOTES
[1] Rule 60Q-6.105(2) provides that when a claimant and date of accident are the same as in an existing case, any subsequent petition or claim relating to that claimant and date of accident shall be filed in the existing case.
[2] We note that as an alternative to refiling her claim, appellant could have requested the entry of a final order of dismissal with prejudice, which could then be appealed. See Augustin v. Blount, Inc., 573 So.2d 104 (Fla. 1st DCA 1991).