986 So.2d 651 (2008)
Julia HADDEN, Appellant,
v.
FLORIDA MEDICAL CENTER AND SPECIALTY CARRIER SERVICES, Appellee.
No. 1D07-1989.
District Court of Appeal of Florida, First District.
June 27, 2008.
Rehearing Denied July 28, 2008.
*652 Angelo Marino, Jr., of Angelo Marino, Jr., P.A., Ft. Lauderdale, for Appellant.
Douglas W. Barnes of Barnes & Simmons, P.A., Miami Lakes, for Appellee.
PER CURIAM.
In this workers' compensation case, claimant seeks review of a summary final order dismissing with prejudice her refiled petition for benefits on the ground that it was barred by the applicable statute of limitations. Claimant refiled her petition within days after the judge of compensation claims granted the employer's and servicing agent's motion to strike her then timely, pending petitions as a sanction for her failure twice to appear at previously scheduled depositions. Of the issues raised by claimant on appeal, we find merit in her argument that the judge's July 10, 2006, order granting the motion to strike was insufficient to the extent that it did not contain "the required finding that [claimant's] failure to appear resulted from a willful disregard of the [judge's] authority." Martinez v. Collier County Pub. Sch., 804 So.2d 559, 560-61 (Fla. 1st DCA 2002) (citation omitted); see also, Fla. Admin. Code R. 60Q-6.125(6) ("Any order imposing sanctions shall describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction imposed."). In this regard, we disagree with the employer's and servicing agent's argument that claimant is precluded from challenging the July 10, 2006, order because she failed timely to appeal that order. Claimant could not have appealed that order sooner because it merely granted the motion to strike. Cf. Truc v. Kimmins Corp., 889 So.2d 964, 965 (Fla. 1st DCA 2004) (dismissing appeal of order that, without more, simply granted the employer's and carrier's motion to dismiss the claimant's petition for benefits). Unlike the circumstances in Martinez, where it was uncontested that the claimant's petition would be time-barred if refiled following the judge's dismissal without prejudice of the existing petition, here, claimant sought the opportunity to continue discovery to determine the viability of the statute of limitations defense to her refiled petition. Consequently, the order granting the motion to strike did not mark an end to the judicial labor in this matter. See Croes v. Univ. Cmty. Hosp., 886 So.2d 1040, 1041 (Fla. 1st DCA 2004).
Accordingly, we reverse the July 10, 2006, order striking claimant's petition for benefits, and remand with directions that the judge reconsider that order pursuant to the principles expressed in Martinez. Should the judge again decide to grant the motion to strike, an order must be entered containing the requisite findings of willfulness on claimant's part. In light of our disposition of this point, we must also reverse the summary final order, since the petition upon which it was predicated was necessarily filed because of the striking of claimant's earlier petitions.
*653 REVERSED and REMANDED, with directions.
BARFIELD, WEBSTER and LEWIS, JJ., concur.