988 So.2d 1250 (2008)
Roderick HILL, Appellant,
v.
GREYHOUND LINES, INC. and Ace USA, Appellees.
No. 1D07-1188.
District Court of Appeal of Florida, First District.
August 29, 2008.
Michael D. Rudolph of Harris, Guidi, Rosner, Dunlap & Rudolph, P.A., Jacksonville; Susan W. Fox of Fox & Loquasto, P.A., Tampa; and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.
Wilbur W. Anderson of Eraclides, Johns, Hall, Gelman, Johannessen & Kempner, LLP, Jacksonville, for Appellees.
PER CURIAM.
Claimant, Roderick Hill, appeals the judge of compensation claims' (JCC) final order dismissing with prejudice his pending petitions for benefits against the Employer/Carrier, Greyhound Lines, Inc., and Ace, USA, as a sanction for revealing confidential information obtained at mediation. Claimant argues the JCC abused his discretion by dismissing his petitions for benefits with prejudice because the JCC's findings were insufficient to support the sanction of dismissal. Claimant further *1251 argues that dismissal with prejudice was an unduly harsh sanction because the Employer/Carrier failed to demonstrate prejudice stemming from Claimant's disclosure. We agree and reverse.
Claimant filed several petitions for benefits with the Employer/Carrier due to injuries he suffered as a result of a workplace accident on June 8, 2004. In addition to indemnity benefits, Claimant sought authorization for back surgery. The parties participated in mediation, and at that time, Claimant was warned that all communications at the mediation were privileged and confidential. During mediation, counsel for the Employer/Carrier stated that surgery would not be authorized because Claimant's treating physician, Dr. Graham-Smith, provided inconsistent recommendations.
Claimant subsequently informed Dr. Graham-Smith of the statements made by the Employer/Carrier's counsel at mediation to clarify what Dr. Graham-Smith actually recommended regarding his need for surgery. Dr. Graham-Smith memorialized the substance of his conversation with Claimant in an office note, stating that Claimant told him that counsel for the Employer/Carrier had stated at mediation that Dr. Graham-Smith had recommended three different operations. Dr. Graham-Smith asserted that he disagreed with the Employer/Carrier's counsel's characterization of his recommendations and clarified that he had recommended Claimant undergo lumbosacral fusion on three different occasions.
The Employer/Carrier filed a motion for sanctions based on Claimant's violation of the mediation confidentiality requirements of section 440.25(3), Florida Statutes (2004). Specifically, the Employer/Carrier alleged that it was "potentially" prejudiced by Claimant's disclosure because it would be "feasible" for Dr. Graham-Smith to be biased against the Employer/Carrier. Following a hearing, the JCC entered an order granting the Employer/Carrier's motion for sanctions and dismissing Claimant's pending petitions for benefits with prejudice. The JCC found that Claimant's disclosure of confidential information to Dr. Graham-Smith "clearly impacted the Doctor's demeanor and resolve regarding this matter." The JCC further found that "the tainting of possible testimony and opinions is irreversible." This appeal follows.
The standard of review for orders dismissing a party's case with prejudice is whether the JCC abused his or her discretion. Hanna v. Indus. Labor Serv., Inc., 636 So.2d 773, 776 (Fla. 1st DCA 1994). Dismissal with prejudice is the "most severe of all sanctions, and should be employed only in extreme circumstances." Neal v. Neal, 636 So.2d 810, 812 (Fla. 1st DCA 1994) (citations omitted). The Florida Supreme Court has recognized that "`if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.'" Ham v. Dunmire, 891 So.2d 492, 496 (Fla.2004) (quoting Kozel v. Ostendorf, 629 So.2d 817 (Fla.1994)). A court may not dismiss a claim with prejudice as a sanction without making an express written finding that the offending party willfully or deliberately acted in violation of a court order. Id.; see also Martinez v. Collier County Pub. Sch., 804 So.2d 559, 560-61 (Fla. 1st DCA 2002) (reversing the JCC's order dismissing the claimant's complaint, in part, for failing to make the required finding that the offending behavior was in willful disregard of the JCC's authority); Fla. Admin. Code R. 60Q-6.125(6) ("Any order imposing sanctions shall describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction *1252 imposed."). Additionally, "dismissal is inappropriate when the moving party is unable to demonstrate meaningful prejudice." Hanna, 636 So.2d at 777 (citations omitted).
In the instant case, Claimant violated section 440.25(3), Florida Statutes (2004), which provides, in pertinent part, "Each party to a mediation conference has a privilege during and after the conference to refuse to disclose and to prevent another from disclosing communications made during the conference whether or not the contested issues are successfully resolved." In the context of workers' compensation cases, the JCC has the authority to impose the following sanctions against a party who violates workers' compensation laws or court orders: "striking of claims, petitions, defenses, or pleadings; imposition of costs or attorney's fees; or such other sanctions as the judge may deem appropriate." Fla. Admin. Code R. 60Q-6.125(1). Rule 60Q-6.125(5)(a) provides, in pertinent part, "A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of conduct or comparable conduct by others similarly situated."
Here, like in Martinez, the JCC failed to make the necessary express finding that Claimant willfully or deliberately violated mediation confidentiality requirements to support the sanction of dismissal with prejudice. The Employer/Carrier also failed to provide competent substantial evidence that it was meaningfully prejudiced by Claimant's disclosure to Dr. Graham-Smith. Although Dr. Graham-Smith stated that he disagreed with the Employer/Carrier's counsel's characterization of his recommendations regarding surgery for Claimant, nothing in the note or the record indicates bias or animosity by Dr. Graham-Smith against the Employer/Carrier. Thus, we find that the JCC abused his discretion in imposing the severe sanction of dismissing Claimant's petitions for benefits with prejudice. Accordingly, we reverse the JCC's February 1, 2007, order dismissing Claimant's petitions for benefits with prejudice and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
WOLF, LEWIS, and ROBERTS, JJ., concur.