PER CURIAM.
 

 In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) abused his discretion by dismissing all of his petitions for failure to prosecute. We agree and reverse.
 

 According to the JCC’s dismissal order, the parties failed to attend a live pretrial hearing noticed for March 7, 2008, or to timely submit a written pretrial stipulation. The JCC determined Claimant bore the burden of advancing his case and the parties’ failure to attend the pretrial hearing equated to Claimant’s failure to prosecute his claim. Without holding a hearing on the issue, the JCC concluded there was no good cause to permit further delay.
 

 A review of the record indicates a pretrial hearing was noticed for March 7, 2008. However, a “mail in pretrial” was listed as the subject of the notice, which created confusion. Claimant filed two motions to vacate the dismissal, and a motion for an emergency hearing. In an affidavit filed by Claimant in support of the motions, Claimant’s counsel stated the parties had jointly requested an extension to complete the pretrial stipulation. They believed the extension had been granted due to communications with the JCC’s office. Claimant also averred that the Employer/Carrier’s counsel agreed the dismissal should be vacated. The JCC did not act upon Claimant’s motions, and the order dismissing all of Claimant’s petitions for failure to prosecute remained in effect.
 

 Dismissal for lack of prosecution is only proper where “a petition, response, motion, order, request for hearing, or notice of deposition has not been filed during the previous 12 months unless good cause is shown.” § 440.25(4)(i), Fla. Stat. (2008). The JCC’s order is devoid of any findings indicating a petition, response, motion, order, request for hearing or notice of deposition had not been filed in Claimant’s case in the 12 months preceding the dismissal.
 

 The JCC’s order may have been intended as a sanction for failing to attend the pretrial hearing. However, we have previously held that dismissal is too harsh a sanction for failing to attend a pretrial hearing, even where good cause cannot be shown, absent willful disregard for the JCC’s authority.
 
 See Martinez v. Collier County Public Sch.,
 
 804 So.2d 559, 561 (Fla. 1st DCA 2002).
 

 The JCC abused his discretion by dismissing Claimant’s petitions without complying with the statutory requirements of section 440.25(4)(i), Florida Statutes, and by entering a sanction that is too harsh for failing to attend a pretrial hearing. The order dismissing Claimant’s petitions is REVERSED and the case REMANDED for proceedings consistent with this opinion.
 

 WOLF, BENTON and BROWNING, JJ., concur.