PER CURIAM.
 

 Lincoln Associates & Construction, Inc. and Guarantee Insurance Company (Lincoln/Guarantee) argue the Judge of Compensation Claims (JCC) abused his discretion by striking their defenses because a representative of Lincoln Associates failed to submit to discovery on two occasions. Because we agree, we need not reach Lincoln/Guarantee’s second issue, whether the JCC abused his discretion in refusing to consider proffered testimony. Finally, because we granted Lincoln/Guarantee’s petition for writ of certiorari in
 
 Lincoln Associates & Construction, Inc. v. Wentworth Construction Co.,
 
 26 So.3d 638 (Fla. 1st DCA 2010), we vacate the JCC’s order and remand this matter for further proceedings consistent with these opinions.
 

 Claimant filed petitions for benefits against Lincoln/Guarantee and Wentworth Construction Company, Inc. and Summit Holdings-Claims Center (Went-worth/Summit). Both employer/carriers denied Claimant was their employee entitled to workers’ compensation benefits under their respective workers’ compensation policies. Claimant noticed the deposition of Lincoln Associates for October
 
 *156
 
 13, 2008. Because Lincoln’s representative failed to appear, Claimant filed a motion to compel discovery and impose sanctions. On February 10, 2009, the JCC ordered Lincoln to submit to a deposition and reserved jurisdiction for the imposition of sanctions, including the possibility of striking defenses should Lincoln fail to appear a second time. After Lincoln once again failed to appear for a scheduled deposition, Claimant filed a motion to strike Lincoln’s defenses and for sanctions. At the hearing on the motion, the JCC announced that “[biased on the employer’s failure to attend the depositions in violation of [his] earlier order, [he was] striking the defenses of employer/carrier number 1 as it relates to the employer/employee relationship and compensability.” The JCC’s order found only that “[n]o good cause [was] shown for the employer’s failure to make discovery.”
 

 Florida Administrative Code Rule 60Q-6.125(6) requires that “[a]ny order imposing sanctions shall describe the conduct determined to constitute a violation of the rule and explain the basis for the sanction imposed.” This court has instructed on several occasions that it is necessary for the JCC to find a party willfully disregarded the JCC’s authority before imposing sanctions.
 
 See Fuentes v. EMBRO Inc.,
 
 8 So.3d 389, 390 (Fla. 1st DCA 2009) (holding “dismissal is too harsh a sanction for failing to attend a pretrial hearing, even where good cause cannot be shown, absent willful disregard for the JCC’s authority”);
 
 Hadden v. Fla. Med. Ctr.,
 
 986 So.2d 651, 652 (Fla. 1st DCA 2008) (reversing JCC’s order striking petitions for benefits for failure to attend scheduled mediations because “it did not contain ‘the required finding that [claimant’s] failure to appear resulted from a willful disregard of the [judge’s] authority’ ”);
 
 Martinez v. Collier County Pub. Sch.,
 
 804 So.2d 559, 560-61 (Fla. 1st DCA 2002) (reversing order because it did not include required finding that failure to appear was in “willful disregard of the JCC’s authority,” and dismissal was too severe without evidence that counsel’s failure to appear was flagrant or willful disregard of JCC’s order or authority).
 

 Here, the JCC failed to make any findings; rather, he summarily struck Lincoln/Guarantee’s defenses. Accordingly, we reverse the order striking Lincoln/Guarantee’s defenses as they relate to the employer/employee relationship and compensability of the accident. If the JCC determines on remand that Lincoln/Guarantee’s defenses should again be struck, the order must include findings of willfulness on Lincoln’s part in failing to submit to discovery. Based upon our disposition of this issue, the remainder of the JCC’s order is vacated.
 

 REVERSED and REMANDED, with directions.
 

 KAHN, BENTON, and THOMAS, JJ., concur.