PER CURIAM.
 

 Mercedes Campo Fernandez (Claimant) appeals an order of the Judge of Compensation Claims (JCC) dismissing with prejudice all petitions and claims for benefits following her refusal to answer certain questions during her deposition related to her immigration status by invoking the Fifth Amendment privilege against self-incrimination. We conclude the JCC abused his discretion in dismissing with prejudice all petitions and claims for benefits and reverse.
 

 Claimant filed a petition for benefits (PFB) seeking temporary total disability, temporary partial disability, and medical benefits for injuries allegedly stemming from a March 7, 2008, industrial accident. When the Employer/Carrier (E/C) subsequently deposed Claimant, she invoked the Fifth Amendment right against self-incrimination and refused to testify regarding her current immigration status, and what a subsequent employer knew about her immigration status. The Claimant also initially refused to state whether she had a social security number. Later in the deposition, however, she admitted that when she went to work for the employer, Blue Sky/Venecia Food Corporation, she did not provide a social security number on her employment application. She further testified that the employer was aware that she did not have a social security number from the onset of her employment.
 

 Claimant voluntarily dismissed her initial PFB on December 5, 2008, prior to a final hearing, but filed a second PFB on January 6, 2009, asserting the same claims. The E/C then moved to dismiss all pending claims because it alleged its discovery had been thwarted by Claimant’s invocation of the Fifth Amendment during her deposition.
 

 
 *781
 
 Although Claimant filed a response opposing the motion to dismiss on April 16, 2009, the JCC entered an order on June 10, 2009, granting the motion without a hearing on the mistaken ground that no response was filed in opposition to the motion. On June 12, 2009, Claimant filed a motion to vacate and for rehearing of the order granting the motion to dismiss. Following a hearing on the motion to vacate and for rehearing held on July 7, 2009, the JCC entered an Order on Motion to Dismiss on August 7, 2009.
 

 In the order, the JCC denied the motion to vacate and for rehearing, and dismissed all PFBs and claims with prejudice. The JCC wrote that Claimant had failed to identify issues not impacted by invocation of the Fifth Amendment, except for a generic reference to medical care. The JCC also noted that the questions objected to were germane to indemnity issues: “For example: whether a claimant has a lawfully obtained work permit directly impacted the universe of potential employers who might be inclined to hire her. This fact could also affect the quality of the employment opportunities available.” The JCC stated further that Claimant’s inability to obtain suitable employment could also impact the medical aspect of a claim because “[a] claimant who is unable to work would have every incentive to overstate ailments in hopes of converting same into an entitlement to disability.” Finally, the JCC noted that Claimant’s refusal to answer questions about her social security number may have deprived the E/C of the opportunity to engage in meaningful, relevant discovery.
 

 This court reviews for abuse of discretion the question of whether the JCC’s dismissal of a workers’ compensation claim is an appropriate means of relieving prejudice to the E/C stemming from a claimant’s invocation of the Fifth Amendment privilege against self-incrimination.
 
 Eatmon v. Bonagura,
 
 590 So.2d 4 (Fla. 1st DCA 1991). In
 
 Eatmon,
 
 the Court concluded the JCC did not abuse his discretion in dismissing a claim for wage loss benefits after the claimant refused to produce documents based on the Fifth Amendment. The
 
 Eatmon
 
 court recognized, however, that a less severe remedy may be appropriate, stating that “[w]hen a claimant invokes the fifth amendment, the [JCC] should fashion an appropriate sanction that relieves the resulting prejudice to the [E/C’s] defense. Dismissal, when appropriate, is one available sanction.”
 
 Id.
 
 at 4. This court has noted, in a case not involving the constitutional privilege against self-incrimination, that “dismissal with prejudice is the most severe of all sanctions and should be employed only in extreme circumstances.”
 
 Hill v. Greyhound Lines, Inc.,
 
 988 So.2d 1250, 1251 (Fla. 1st DCA 2008) (quoting
 
 Neal v. Neal,
 
 636 So.2d 810, 812 (Fla. 1st DCA 1994)). “Additionally, ‘dismissal is inappropriate when the moving party is unable to demonstrate meaningful prejudice.’ ”
 
 Hill,
 
 988 So.2d at 1252 (quoting
 
 Hanna v. Indus. Labor Serv., Inc.,
 
 636 So.2d 773, 777 (Fla. 1st DCA 1994)).
 
 See also Village Inn Rest. v. Aridi,
 
 543 So.2d 778, 781 (Fla. 1st DCA 1989) (“When plaintiffs silence is constitutionally guaranteed, dismissal is appropriate only where other, less burdensome, remedies would be an ineffective means of preventing unfairness to defendant.”) (quoting
 
 Wehling v. Columbia Broad. Sys.,
 
 608 F.2d 1084, 1088 (5th Cir. 1979)).
 

 Here, although the E/C alleged generally that its discovery and defenses were thwarted by Claimant’s refusal to answer questions about her immigration status, the E/C failed to demonstrate meaningful prejudice resulting from Claimant’s refusal to answer.
 
 See Hill,
 
 
 *782
 
 988 So.2d at 1252 (reversing dismissal with prejudice where E/C failed to provide competent substantial evidence of meaningful prejudice);
 
 see also Vasquez v. State, 777
 
 So.2d 1200, 1203 (Fla. 3d DCA 2001) (stating that a trial court may draw an adverse inference against a party in a civil action who invokes the privilege against self-incrimination). Because the E/C failed to demonstrate meaningful prejudice, a burden it had as the party seeking dismissal, we conclude the JCC abused his discretion in dismissing all petitions and claims for benefits with prejudice and REVERSE.
 

 DAVIS, VAN NORTWICK, and ROWE, JJ., concur.