WETHERELL, J.
 

 In this workers’ compensation appeal, Claimant seeks reversal of an order of the Judge of Compensation Claims (JCC) dismissing all of her pending petitions for benefits (PFBs) with prejudice. The JCC dismissed the PFBs based on Claimant’s failure to pay, and her failure to attend a hearing to explain her failure to pay, the costs entered against her after the dismissal of several prior PFBs. Because the record does not establish that Claimant’s failure to attend the hearing was a willful or flagrant disregard of the JCC’s authority, the JCC abused his discretion in dismissing the PFBs on that basis. This error was not harmless and, therefore, we reverse the dismissal order and remand for further proceedings consistent with this opinion. ■
 

 Background
 

 Claimant filed several PFBs while she was represented by her former attorney, Richard Zaldivar. The PFBs were voluntarily dismissed, but then re-filed shortly thereafter. In June 2009, the JCC ordered Claimant to pay $3,647.86 in costs to the employer/carrier (E/C) pursuant to section 440.34(3), Florida Statutes, related to the voluntarily dismissed PFBs. The cost order was
 
 per curiam
 
 affirmed by this court.
 
 Hernandez v. Palmetto Gen. Hosp.,
 
 25 So.3d 563 (Fla. 1st DCA 2009) (table).
 

 After the mandate issued, the E/C moved to dismiss the new PFBs pursuant to section 440.24(4) because Claimant had not complied with the cost order. The JCC entered an order directing Claimant to show cause, through a “written pleading,” why the PFBs should not be dismissed. Claimant, with the assistance of
 
 *1086
 
 Zaldivar, filed a written response and a detailed financial affidavit, asserting that Claimant was not willfully avoiding payment but rather was financially unable to pay. The response also requested an evi-dentiary hearing so that Claimant could testify as to her financial status. The JCC set a hearing, requiring Claimant’s live attendance; however, before the hearing occurred, Zaldivar withdrew from representation.
 

 Claimant was aware of the hearing and her need to attend; an attorney in Zaldi-var’s office “made it clear to her that she had an obligation to attend the ... hearing either alone or accompanied by new counsel.” Shortly before the hearing, Claimant made contact with another law firm and spoke with Edward Rodriguez-Vado, a certified paralegal, who undertook the task of assisting Claimant. Rodriguez-Vado called Zaldivar’s office and was informed by Angela, a secretary assigned to Claimant’s case, that the hearing had been can-celled.
 
 [1]
 
 Rodriguez-Vado gave this information to Claimant and also advised her to contact Angela to confirm this information. Claimant called Zaldivar’s office and Angela informed her that the hearing was can-celled and that she did not need to attend. At no point did Rodriguez-Vado or Claimant contact the JCC’s office to confirm whether the hearing had indeed been can-celled.
 

 The hearing had not been cancelled, and it was held as scheduled. The Claimant did not attend the hearing. The JCC, unaware of Claimant’s reasons for not attending, entered an order dismissing all pending PFBs with prejudice based on Claimant’s failure to pay the costs as required by the cost order (and her failure to show good cause for this failure) and her failure to appear at the hearing. The JCC found that Claimant “willfully and wantonly failed to appear in violation of this tribunal’s ... Notice of Hearing requiring her to appear live.” The JCC also found that, although Claimant might not have been able to pay the costs, her financial affidavit was “self-serving” and, thus, insufficient evidence to justify her failure to comply with the cost order.
 

 After the entry of the dismissal order, Claimant, through a new attorney, filed an emergency motion to set aside the order with accompanying affidavits from Claimant and Rodriguez-Vado. The motion alleged that, although Claimant was initially aware of the hearing and her need to attend, she subsequently came to believe (based on the information imparted by Rodriguez-Vado and Angela) that the hearing had been cancelled and, as a result, she did not attend.
 

 The JCC held a hearing on Claimant’s motion to vacate the dismissal order, at which time Claimant and Rodriguez-Vado testified as to the events leading up to Claimant’s non-attendance at the prior hearing. Rodriguez-Vado testified that, based on the information he obtained from Angela in Zaldivar’s office, he told Claimant that the hearing had been cancelled. Rodriguez-Vado’s testimony was not impeached in any significant manner, except to the extent that it demonstrated his lack of familiarity with the workers’ compensation system. Claimant’s testimony was consistent with that of Rodriguez-Vado, and there was no evidence that the facts relating to Claimant’s non-attendance at the prior hearing were other than as testified to by Claimant and Rodriguez-Vado. Claimant also testified as to her limited income and assets and her inability to pay
 
 *1087
 
 the cost order. Her testimony was consistent with the affidavit she filed in response to the initial show cause order, and was not rebutted.
 

 After the hearing, the JCC entered an order denying Claimant’s motion to vacate the dismissal order. The JCC found that Claimant’s reliance on the statements made by Angela and Rodriguez-Vado was “unreasonable” because Claimant had been specifically told by an attorney in Zaldi-var’s office that she was required to attend the hearing, and neither Claimant nor Rodriguez-Vado contacted the JCC’s office to confirm the status of the hearing after receiving conflicting information from a secretary in Zaldivar’s office. This timely appeal followed.
 

 Analysis
 

 We review the dismissal order in this case for an abuse of discretion.
 
 Hill v. Greyhound Lines, Inc.,
 
 988 So.2d 1250, 1251 (Fla. 1st DCA 2008) (“The standard of review for orders dismissing a party’s case with prejudice is whether the JCC abused his or her discretion.”).
 

 Section 440.33(1) authorizes the JCC to “do all things conformable to law which may be necessary to enable the judge effectively to discharge the duties of her or his office.” This statute and its implementing rule, Florida Administrative Code Rule 60Q-6.125, authorize the JCC to impose appropriate sanctions when a party or attorney fails to comply with an order issued by the JCC.
 
 See Hill,
 
 988 So.2d at 1252. The sanctions imposed must be commensurate to the offense committed and must be “limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.” Fla. Admin. Code R. 60Q-6.125(5)(a). Dismissal with prejudice is the “most severe of all sanctions, and should be employed only in extreme circumstances,” such as where the party’s conduct was willful, flagrant, or deliberate, and only when the moving party demonstrates meaningful prejudice.
 
 Hill,
 
 988 So.2d at 1251 (internal citations omitted);
 
 see also Martinez v. Collier County Pub. Schs.,
 
 804 So.2d 559 (Fla. 1st DCA 2002) (reversing order dismissing PFB based upon the failure of the claimant’s attorney to personally appear at a pretrial conference because there was good cause for counsel’s failure to appear and dismissal was too severe of a sanction in any event).
 

 Here, the record supports the JCC’s finding that Claimant’s failure to appear at the hearing on the order to show cause was “unreasonable” under the circumstances. But no reading of the record supports a finding of the level of willful or flagrant conduct necessary to justify dismissal of the PFBs with prejudice. Accordingly, although sanctions may be appropriate for Claimant’s “unreasonable” failure to attend the hearing on the order to show cause, the JCC abused his discretion by imposing the ultimate sanction— dismissal of Claimant’s PFBs with prejudice — for that conduct.
 

 The dismissal order was also based on section 440.24(4) and Claimant’s failure to pay the cost order. Thus, in determining whether the error discussed above was harmful (and, thus, requires reversal), it is necessary to consider whether the JCC properly dismissed the PFBs with prejudice under section 440.24(4), even though that issue was not argued by Claimant as a separate ground for reversal.
 
 [2]
 
 If the dis
 
 *1088
 
 missal order can been affirmed on this alternate basis, any error in dismissing the PFBs with prejudice based on Claimant’s failure to attend the hearing to explain her failure to pay the cost order would be harmless. But if that alternate basis would not support dismissal of the PFBs with prejudice, then the dismissal order must be reversed.
 
 See Witham v. Sheehan Pipeline Const. Co., 45
 
 So.3d 105, 109 (Fla. 1st DCA 2010) (stating that the test for harmfulness of error in workers’ compensation case is “whether but for such error, a different result may have been reached”).
 

 Assuming (without deciding
 
 [3]
 
 ) that section 440.24(4) authorizes the dismissal of a subsequent proceeding based on the employee’s failure to comply with an order entered in a prior proceeding, the statute clearly does not authorize dismissal
 
 with prejudice.
 
 By its terms, section 440.24(4) only authorizes claims to be dismissed “until the employee complies with such order,” and, thus, the statute could not support the dismissal of Claimant’s new PFBs with prejudice. Accordingly, the dismissal order cannot be affirmed on the basis of harmless error or the “tipsy coachman” doctrine.
 

 For these reasons, we reverse the dismissal order and remand for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED for further proceedings.
 

 WOLF and HAWKES, JJ., concur.
 

 [1]
 

 . Claimant correctly argues on appeal that Rodriguez-Vado’s testimony as to what he was told by Angela was not hearsay because it was not being offered for the truth of the matter asserted
 
 {i.e.,
 
 that the hearing was cancelled). Thus, the JCC erred in excluding this testimony.
 

 [2]
 

 . The E/C did not argue in its brief that the order should be affirmed on this alternate basis, but that would not preclude us from doing so because, under the “tipsy coachman” doctrine, the appellate court is required to affirm the lower tribunal if there is any basis in the record to support the judgment on appeal.
 
 Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644-45 (Fla.1999);
 
 see also Staffmarkv. Merrell,
 
 43 So.3d
 
 *1088
 
 792, 795 (Fla. 1st DCA 2010) (applying the “tipsy coachman” doctrine in a workers' compensation case).
 

 [3]
 

 . In order to resolve this appeal, we need not determine whether section 440.24(4) is an appropriate mechanism for a party to seek collection or enforcement of a cost order against a non-prevailing adversary. We leave the consideration of that issue to another day when the issue is both squarely presented and fully briefed by the parties.