IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

VICTOR SOCA,

     Appellant,

v.

ADVANCED AUTO PARTS
AND SEDGWICK CLAIMS
SERVICES, INC.,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-795

_____/

Opinion filed February 23, 2016.

An appeal from an order of the Judge of Compensation Claims.
Charles M. Hill, III, Judge.

Date of Accident: April 24, 2010.

Bram J. Gechtman of the Law Offices of Bram J. Gechtman, PA., Miami, for
Appellant.

Christopher A. Thorne of Thorne & Associates, Orlando, for Appellees.


PER CURIAM.

     In this workers' compensation case, Claimant appeals an order of the Judge

of Compensation Claims (JCC) denying his motion for sanctions as premature. For

the reasons below, we reverse the order.

Claimant sustained compensable injuries from gunshot wounds he suffered during a robbery of his Employer. He filed three petitions for benefits (PFBs) but withdrew them when the Employer/Carrier (E/C) promptly provided the requested benefits. The E/C, believing it was the "prevailing party" as to the claims, moved to tax costs against Claimant. See § 440.34(3), Fla. Stat. (2009). Claimant, believing that the four costs itemized in that motion could not have been incurred to defend against the claims in the PFB, served a motion for sanctions on the E/C.

The motion for sanctions was made under authority of section 440.32, Florida Statutes (2009), which permits taxation of costs against a party who has instituted or continued proceedings without reasonable ground, and against an attorney who has maintained or continued proceedings frivolously. The motion was made in accordance with the procedural rule implementing that statute, Florida Administrative Code Rule 60Q-6.125(4)(a), which provides that motions for sanctions in workers' compensation proceedings "shall be served but shall not be filed unless the challenged paper, claim, defense, allegation, or denial is not withdrawn or appropriately corrected within 21 days after service of the motion."

More than 21 days passed after Claimant's service of the sanctions motion, and the E/C did not withdraw its costs motion. Claimant then *filed* his sanctions motion with the JCC. One week later, the E/C withdrew its costs motion, asserting that it was doing so without prejudice to refile. The sanctions motion proceeded to

2

hearing, where the E/C argued it had withdrawn the costs motion only for its lack of compliance with a new procedural rule – not because the motion was frivolous. The JCC reasoned that, to determine whether the costs motion was baseless, he had to determine which party had prevailed and whether the costs were reasonable. The JCC then concluded that, because the costs motion was no longer pending, he could not make those determinations, and therefore the sanctions motion was "premature."

By the JCC's reasoning, the sanctions motion cannot be heard now because the costs motion on which it was based was withdrawn before the JCC had a chance to hear the sanctions motion. Further, by the JCC's reasoning, the sanctions motion can never be heard unless the costs motion is refiled. The JCC's reasoning reveals that his true ruling here was a dismissal with prejudice, for lack of jurisdiction. Accordingly, this order is reviewable as a nonfinal order adjudicating jurisdiction. See Fla. R. App. P. 9.180(b)(1)(A).

The JCC erred in ruling that he lacked jurisdiction to make the findings needed to reach the merits of the sanctions motion. The sanctions motion became "mature" once the E/C failed to withdraw the costs motion within the 21-day safe harbor period provided by rule 60Q-6.125(4)(a), and upon the filing of the sanctions motion the JCC had jurisdiction to make findings about the merits of the costs motion (although not, given the withdrawal of the costs motion, to award or deny costs). Therefore, the JCC had jurisdiction to rule on the sanctions motion. To conclude

3

otherwise would render the safe-harbor provision meaningless and section 440.32 toothless.

The JCC added a second ground for denying the sanctions motion: Claimant had not shown the costs motion to have been lodged "in bad faith for unreasonable purposes." But that second finding implies that the JCC thought Claimant could make such a showing were the sanctions motion to be refiled when "mature" – an implication that reinforces our conclusion that the JCC's denial of sanctions was actually a dismissal of the motion, based entirely on jurisdictional grounds.

As a separate point on appeal, Claimant challenges the JCC's observations that Claimant had not demonstrated bad faith and that the voluntary dismissals of the PFB "provided a colorable presumption . . . that the E/C was the prevailing party." On this point we note only that on remand the JCC is to apply the proper legal test for sanctions, which is whether the offending party "willfully disregarded the JCC's authority," Lincoln Assoc. & Constr., Inc. v. Wentworth Constr. Co., 38 So. 3d 155, 156 (Fla. 1st DCA 2010), or whether the cost proceedings were "maintained or continued frivolously" or whether the motion to tax costs was "well grounded in fact and . . . warranted by existing law or a good faith argument" for modification or extension of existing law, § 440.32, Fla. Stat. (2009).

REVERSED and REMANDED for further proceedings.

ROBERTS, C.J., WOLF and THOMAS, JJ., CONCUR.

4